Ex parte Ofelia Collazo de Satorra, Petitioner and Appellee; Petra Dávila de Ledesma, Respondent and Appellant.

No. 6438.   Argued June 24, 1933.—Decided July 28, 1933.

*E. Campos del Toro* for appellant. *J. Vendrell* and *A. Quirós Méndez* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Ofelia Collazo widow of Satorra, accompanied by three witnesses, appeared before the District Court of Arecibo and requested the filing in a protocol of a letter which she regarded as the will of Francisco C. Dávila, and the court considering that the death of Dávila had been proved and that all persons who might have an interest in the matter had been notified, and holding that "the paper which the petitioner calls a will has been properly identified," ordered the same to be filed in the protocol of Notary Gustavo Zeno Sama, "without prejudice to any rights of the persons interested in the estate of said predecessor in interest (Francisco C. Dávila) to be exercised in such manner and form as they may deem proper."

Feeling aggrieved by that decision, Petra Dávila widow of Ledesma took an appeal from said order to this court. The dismissal of the appeal has been requested on the ground that the appeal is not authorized by law. The appellant objected to the dismissal and cited the cases of *Ex parte Planis,* 42 P.R.R. 665 and *Ex parte Vázquez,* 34 P.R.R. 234.

In *Ex parte Planis, supra,* this court affirmed on appeal an order rendered by the District Court of Humacao denying the filing in a protocol of an alleged holographic will and in *Ex parte Vázquez, supra,* this court reversed a similar order rendered by the District Court of Aguadilla. In none of those cases was the question raised whether the order involved was appealable. It has now been raised directly and we must decide it on its merits.

The matter of filing wills in protocols was regulated by the Spanish Law of Civil Procedure and by the former Civil

Code. It is now regulated by the Law of Special Legal Proceedings and by the Revised Civil Code. Referring to holographic wills, Manresa in his Commentaries on the Law of Civil Procedure says:

"As this way of making a will was not authorized when the Law of Civil Procedure was promulgated, the latter did not include the procedure to embody in a deed and file in a protocol a holographic will, and undoubtedly this is the reason why the very Code has provided to that effect in its sections 690 to 693, which we feel we must transcribe fully in order to make up for the deficiency in the law of procedure, and without any comments, as they are drafted with great clearness and precision." 6 Manresa, Commentaries on the Law of Civil Procedure, page 390.

Said sections 690 to 693 are essentially the same as sections 640 to 643 of our Revised Civil Code, 1930 ed. Section 643, however, contains the following provisions which are not found in section 693 of the former Civil Code.

". . . which shall constitute sufficient title for the total or partial recording of the real property of the inheritance, in the registry of property . . . "

The Legislature did not grant expressly the remedy of appeal against the decision of the judge authorizing or denying the filing in a protocol. Previously, as Manresa states at page 407 of volume 6 of his Commentaries cited, the right of appeal was not granted:

"Against said decision, granting or denying the filing in a protocol, no appeal lies and the decision must be carried out, notwithstanding any opposition, without prejudice to any rights that the parties in interest may have and which they may enforce by appropriate action, as is also provided in said section."

Were it not for the provision in the last paragraph of section 643 of the Civil Code, 1930 ed., which is similar to the provision in the last paragraph of section 693 of the former Civil Code, the case might be regarded as covered by subdivision 1 of section 295 of the Code of Civil Procedure, it being

a special proceeding, but said paragraph seems to indicate that the decision as to filing in a protocol can not be considered as a final judgment for the purpose of an appeal. It reads as follows:

"Whatever the decision of the district court may be, it shall be carried out, notwithstanding objection, but the rights of the persons interested to enforce such rights in the proper suit shall be reserved."

The parties have not cited to us, nor have we been able to find, any decision of this court which directly determines the question now raised, but the reasoning of *Solá* v. *Solá*, 30 P.R.R. 705, seems to support the conclusion that no appeal may be taken.

That case referred to a declaration of incapacity. In the opinion the text of sections 250 to 255 of the Revised Civil Code was copied, that of section 255 being as follows:

"Sec. 255.—Against the decree terminating the proceedings for incapacity, the interested parties may interpose a suit in the ordinary manner, by means of an oral and public trial."

Then the court went on to say:

"Do the provisions of the last section transcribed exclude an appeal? Is the decree referred to a final judgment?

"The right of appeal is statutory and in determining the cases in which an appeal lies the Code classifies them into three groups. See section 295 of the Code of Civil Procedure. The first group includes final judgments in actions or proceedings begun in a district court; the second, judgments rendered by district courts on appeal; and the third, certain orders which are expressly described.

"The decree in this case can not be considered as included in either the second or the third group. Is it included in the first? The statute in this regard speaks of final judgments and in the present case the Legislature has called the order appealed from a decree. And although it is referred to as a decree 'terminating the proceedings for incapacity,' this is followed immediately by the provision that 'the interested parties may interpose a suit in the ordinary manner, by means of an oral and public trial.' That is, that unless the decree is acquiesced in the proceeding *continues in the district court itself* with the guaranties of an ordinary action. That

being the case, the decree can not be given the character of a final judgment referred to in the first group.

"Hence, construing section 295 in its current meaning, it is nec· essary to conclude that it does not authorize an appeal in a case like the present; . . ."

A similar situation arises in this case of protocolization of a will. It is true that this step is of great importance. We have already seen that by express provision of the law a copy shall constitute a sufficient title for the recording of the real property of the inheritance, in whole or in part, in the registry of property, but the effect is also expressly limited by law to the acknowledgment forthwith of the identity of the document, without prejudice to the rights of the persons that might be affected who may enforce them by appropriate action.

As the provision has remained unchanged in both codes, it seems advisable to transcribe what is stated by Manresa in his Commentaries on the Civil Code with reference to sections 689 to 693. In part, he says:

"As a holographic will, by reason of the form of its execution, is the mere private expression of the last will of the testator, it requires for its validity and efficacy that its identity be properly established, and after this is done, that it be filed (*protocolice*) in the proper public register in order that it may acquire the qualities of authenticity and publicity necessary to all private wills.

"After such filing, it will acquire the character of a public instrument pertaining to other documents of this class, having the same legal effect as the latter; and hence, it will be treated as the true and legitimate testamentary disposition of the testator, until its nullity or inefficacy, in whole or in part, shall have been properly declared.

"Our Code, in common with all foreign statutes, has established as an essential requisite and as a guarantee of trustworthiness the protocolization of a holographic will, similarly as in the case of all documents executed without the intervention of a notary, and of closed wills, and in the five preceding sections are set forth, not only the principle of such requisite, but also the rules deemed to be best

adapted to accomplish the purpose sought by said requirement, and the most effective provisions to insure the fulfillment thereof.

"* 	* 	* 	* 	* 	* 	*

"Regarding the notice which section 692 requires to be given to the persons referred to therein, we have nothing to say, as this guarantee needs no comment, since those persons are the ones primarily concerned with the establishment of the identity and legitimacy of the will, they being by law entitled to the inheritance in case the protocolization of said will is denied. It is only natural and reasonable that if said persons be present at the protocolization proceedings, they may make orally any observations they may desire to submit with respect to the authenticity of the will, since they are called for that very purpose, and said section so provides.

"But it should be borne in mind that although the judge is to take into account said observations in reaching a conclusion as to the identity of the will, although they may be made by way of opposition and although stated in writing, such opposition can not in any case have the effect of converting an *ex parte* proceeding into a contested proceeding nor of preventing the judge from rendering the order he deems proper either granting or denying such protocolization. Whatever the decision it shall be carried into effect, notwithstanding any opposition, but the interested parties shall not be thereby precluded from enforcing any right they may have in the premises by appropriate action, as is provided in the second paragraph of section 693. Said action attacking or maintaining the identity and validity of the will, must be, as a general rule, the ordinary action of greatest import (*mayor cuantía*)." 5 Manresa, Commentaries on the Civil Code, 511, 519.

It would also seem advisable to copy the last paragraph of the opinion of this court in the case of *Ex parte Vázquez*, 34 P.R.R. 234, which reads as follows:

"On the other hand, as the protocolization of a holographic will is rather a matter of voluntary jurisdiction and the order for its protocolization does not produce the effect of *res judicata*, the rights of whatever lawful heirs there may be or of anybody who feels aggrieved by that order are saved and may be asserted in an ordinary action."

For the reasons stated, appellee's motion must be sustained and the appeal dismissed.